490 So.2d 626 (1986)
Tina I. CORTINEZ, Plaintiff-Appellant,
v.
Jack HANDFORD, d/b/a Jack's Lounge, Jefferson Insurance Company of New York, and Karo, Inc., Defendants-Appellees.
No. 17834-CA.
Court of Appeal of Louisiana, Second Circuit.
June 11, 1986.
*627 David C. Turansky, Shreveport, for plaintiff-appellant.
Mayer, Smith & Roberts by Alex S. Lyons; Cook, Yancey, King & Galloway by Benjamin C. King, Jr., Shreveport, for defendants-appellees.
Before HALL, FRED W. JONES and MARVIN, JJ.
HALL, Chief Judge.
Plaintiff-appellant, Tina I. Cortinez, filed this negligence action on November 6, 1984, seeking to recover damages for injuries she suffered on January 28, 1984 when an unidentified male patron of Jack's Lounge in Bossier City assaulted plaintiff, knocking her to the floor and fracturing her left ankle. Named defendants were Jack Handford, d/b/a Jack's Lounge, as owner and proprietor of the lounge, and his alleged liability insurer, Jefferson Insurance Company of New York. An answer was filed by the insurance company on February 14, 1985 denying that it issued a liability policy to Handford and generally denying the allegations of the petition. An answer was filed on February 19, 1985 by Handford denying his ownership of the lounge. On May 10, 1985, plaintiff filed an amended petition adding Karo, Inc., alleged to be an owner of the lounge, as a defendant.
Handford subsequently filed a motion for summary judgment, supported by an affidavit, alleging that he was not the owner or operator of the lounge at the time of the incident. Jefferson Insurance Company also filed a motion for summary judgment alleging that the liability policy issued by it to Karo, Inc. excluded coverage of claims based on assault and battery. Karo, Inc. filed a peremptory exception of prescription contending that plaintiff's claim against it prescribed because it was not named as a defendant until more than one year after the incident giving rise to plaintiff's claim.
Plaintiff did not contest Handford's right to summary judgment and judgment was rendered dismissing plaintiff's suit against him. Summary judgment was also granted *628 in favor of Jefferson Insurance Company and the exception of prescription filed by Karo, Inc. was sustained. Plaintiff appealed from the judgments in favor of the insurance company and in favor of Karo, Inc.
The issues on appeal are:
1. Whether the liability insurance policy issued by Jefferson Insurance Company to Karo, Inc. excludes coverage of plaintiff's claim arising out of the incident in which she was assaulted by a patron of Jack's Lounge; and
2. Whether the amendment to plaintiff's petition adding Karo, Inc. as a defendant relates back to the date of the filing of the original petition under LSA-C.C.P. Art. 1153 so as to make the filing of the plaintiff's suit timely and to remove grounds for sustaining the exception of prescription.
For reasons expressed in this opinion, we affirm the summary judgment in favor of the insurance company and reverse the judgment sustaining the exception of prescription.
LIABILITY INSURANCE COVERAGE
The owners, landlords, and tenant's liability insurance policy issued by Jefferson Insurance Company of New York to Karo, Inc., d/b/a Jack's Lounge, provides that the company will pay on behalf of the insured all sums which the insured should become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance, and use of the insured premises and all operations necessary or incidental thereto. The term "occurrence" is defined in the policy as meaning "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."
An endorsement to the policy provides as follows:

ASSAULT AND BATTERY EXCLUSION ENDORSEMENT
It is hereby understood and agreed that no coverage shall apply under this policy for any claim, demand or suit based on assault and battery, provoked or unprovoked, and assault and battery shall not be deemed an accident, whether or not committed by or at the direction of the insured.
The endorsement clearly excludes coverage for any claim, demand, or suit based on assault and battery and further provides that an assault and battery shall not be deemed an accident. The occurrence giving rise to plaintiff's claim for bodily injury damages was an assault and battery and consequently the policy excludes coverage thereof.
The exclusion contained in the policy endorsement is not ambiguous as contended by plaintiff. The applicability of the policy exclusion is not affected by the fact that the insured's alleged negligence consisted of failing to exercise reasonable care to protect patrons, serving alcoholic beverages to intoxicated persons, failing to employ effective security personnel, and the like, separate from any allegations that the defendant insured directly engaged in the assault and battery. The policy does not provide coverage for particular acts of negligence but provides coverage for damages arising out of an occurrence. The occurrence which gave rise to the damages here, an assault and battery, is specifically excluded from coverage.
Taylor v. Duplechain, 469 So.2d 472 (La. App. 3d Cir.1985), writ denied 474 So.2d 1306 (La.1985), is directly on point, involving facts very similar to the instant case and the identical policy exclusion. Plaintiff was injured in a fight with another patron of a lounge and brought suit against the lounge's liability insurer, alleging that the bartender of the lounge was negligent both by taking action that tended to cause the fight and also by not taking action to prevent or end the fight. The court held:
Liability on the part of Jefferson's insured that may result from a battery on *629 the premises of Ray's Lounge falls squarely under the above-quoted assault and battery exclusion endorsement. The effect of the endorsement is clear: there is simply no coverage for the insured's potential liability resulting from an occurrence of batterywhether the battery is by an employee or representative of Ray's or instead by a bar patron, whether or not the insured or any agent of the insured is involved in the battery in any capacity, and irregardless of the theory or theories of law that the tort claimant advances in a potential action against Jefferson's insured. The language of the policy is unambiguous, the intent of the contracting parties is clear: liability of the insured for batteries at Ray's is not covered.
This decision is consistent with a number of other decisions applying the assault and battery exclusion endorsement under similar circumstances and similar policy provisions. See Duplechain v. Turner, 444 So.2d 1322 (La.App. 4th Cir.1984), writ denied 448 So.2d 114 (La.1984); Vascocu v. Singletary, 434 So.2d 597 (La.App. 3d Cir. 1983); Kiefer v. Whittaker, 468 So.2d 587 (La.App. 4th Cir.1985), writ denied 469 So.2d 979 (La.1985).
The trial court correctly decided the coverage issue and the summary judgment dismissing plaintiff's suit against the insurance company will be affirmed.
PRESCRIPTION
As previously noted, the incident occurred on January 28, 1984, and plaintiff filed suit on November 6, 1984, naming Handford and Jefferson Insurance Company as defendants. Interrogatories propounded to both defendants were served with plaintiff's original petition, but the petition was not answered by either defendant until the middle of February, 1985, after the expiration of the one year prescriptive period (LSA-C.C. Art. 3492). Karo, Inc. was named as a defendant by amended petition filed May 10, 1985. Answers to the interrogatories filed by Handford revealing the correct ownership of the lounge were not filed until June, 1985, at approximately the same time the exception of the prescription was filed.
In sustaining the exception of prescription, the district court took note of the authoritative decision of Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983) and held that because the plaintiff had not offered evidence at the hearing on the exception it was not established that Karo, Inc. must have received notice of the institution of the action or that Karo, Inc. was not a wholly new or unrelated defendant, two the criteria established by the Ray case for allowing an amendment which changes the identity of the parties sued to relate back to the date of the filing of the original petition with the effect of interrupting prescription as to the added defendant.
The Ray case established four criteria for determining whether an amendment which changes the identity of a party relates back to the date of filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits.
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Although plaintiff offered no evidence at the hearing on the exception of prescription, sufficient facts are disclosed by the pleadings, defendants' answers to interrogatories, and affidavits in the record to meet the criteria of Ray v. Alexandria Mall.
*630 The amended claim against Karo, Inc. arises out of the same transaction or occurrence set forth in the original pleading, that is, the assault and battery which took place at Jack's Lounge resulting in plaintiff's injuries.
Karo, Inc.'s liability insurer was named as an original defendant. The policy insures Karo, Inc. d/b/a Jack's Lounge. Answers to interrogatories show that Karo, Inc.'s insurer investigated the claim and took statements from witnesses. The same attorney represented Jack Handford, an original defendant, and Karo, Inc. in these proceedings. The only reasonable inference is that Karo, Inc. must have received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits.
This action asserts a claim based on the negligence of the owner and operator of Jack's Lounge. Accordingly, Karo, Inc. must have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against it as the actual owner and operator of the lounge.
Karo, Inc. is not a wholly new and unrelated defendant. The corporation as an insured has a direct relationship with its liability insurer which was named as one of the original defendants. Karo, Inc. operates the business under the name of "Jack's Lounge," the same name as was used before the business was sold to Karo, Inc. by Handford, one of the original defendants. Plaintiff's intent was obviously to assert a delictual cause of action against the owner and operator of Jack's Lounge and the owner's liability insurer, and plaintiff merely made a mistake as to the actual owner and operator. There is no assertion of a new cause of action which would have otherwise prescribed.
The record discloses that the criteria of Ray v. Alexandria Mall are satisfied and accordingly, the amendment to the petition relates back to the date of filing of the original petition. LSA-C.C.P. Art. 1153. The grounds for sustaining the peremptory exception of prescription were removed. LSA-C.C.P. Art. 934. The suit against Karo, Inc. should be considered as timely filed within the one year prescriptive period, and the exception of prescription should be overruled.
This decision does no violence to and is consistent with principles underlying prescription. The plaintiff timely asserted a claim for damages arising out of the incident, the added or substituted defendant must have known of the filing of the suit, and there is no prejudice to the defendant by having to defend a stale claim. See the concurring opinion in Clark v. McDonald System, Inc., 383 So.2d 61 (La.App. 2d Cir.1980), writ denied for the reasons expressed by the concurring opinion, 386 So.2d 95 (La.1980).
For the reasons assigned, the judgment of the district court granting summary judgment in favor of Jefferson Insurance Company of New York and dismissing plaintiff's action as to that defendant is affirmed. The judgment of the district court in favor of Karo, Inc. sustaining the peremptory exception of prescription and dismissing plaintiff's suit as to that defendant is reversed and set aside, and the peremptory exception of prescription is overruled. The action is remanded to the district court for further proceedings. Costs of the appeal are assessed to Karo, Inc.
SUMMARY JUDGMENT AFFIRMED; JUDGMENT SUSTAINING PEREMPTORY EXCEPTION REVERSED AND SET ASIDE; AND CASE REMANDED.