600 So.2d 1208 (1992)
MARK JAY KAUFMAN, P.A., Appellant,
v.
DAVIS & MEADOWS, P.A., Appellee.
No. 91-2297.
District Court of Appeal of Florida, First District.
June 5, 1992.
*1209 Lisa C. Cohen of Roy & Cohen, P.A., Jacksonville, for appellant.
Richard B. Davis, Jr. of R.B. Davis & Associates, P.A., Gainesville, for appellee.
ALLEN, Judge.
Mark Jay Kaufman, P.A. (hereinafter the appellant or the firm), appeals the trial court's dismissal of its charging lien and an earlier order in which the court refused to stay or abate the final hearing on the lien. We find no error in the court's refusal to stay or abate the hearing but we reverse the order dismissing the lien for the reasons that follow.
Mark Kaufman d/b/a Mark Jay Kaufman, P.A. undertook to represent Chester Smith in a slip and fall action filed in 1985 against University Medical Center, Inc. and Service Master Industries, Inc. In November 1986, Kaufman became seriously ill. That same month, in his capacity as president of the firm, he filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On January 12, 1987, Kaufman, again acting for the firm, contracted to refer 45 of the firm's pending cases, including the Smith case, to Davis & Meadows, P.A. (hereinafter Davis). In the contract between Davis and the firm as debtor-in-possession, Davis agreed to assume full responsibility for the management of each case from the date of the transfer, subject to each client's approval. Davis was free to have each client sign a contingency fee contract, but the gross fee payable to Davis under such contracts would then be divided between the firm and Davis in a 50-50 split. The contract, which was made contingent upon the Bankruptcy Court's approval, provided in pertinent part:
The gross fee for fee-division purposes as set forth elsewhere herein shall be calculated based upon the contingency fee contract entered into by the clients and DAVIS & MEADOWS, P.A.
5. It is agreed between the signors hereto that DAVIS & MEADOWS, P.A. shall receive Fifty Percent (50%) of the gross fee payable, in addition to taxable and reasonable expenses compensable under the terms of the contract with the client.
... .
7. In the event any of the cases require appellate proceedings, DAVIS & MEADOWS, P.A. shall be entitled to 100% of *1210 any additional fee charged for said appellate proceedings.
The firm's creditors were given an opportunity to file objections to this proposed transfer of assets of the bankruptcy estate but, hearing none, the Bankruptcy Court for the Northern District of Florida approved the contract.
Thereafter, Davis signed a contingency fee contract with Smith which provided that Davis would receive a fee of 40% of Smith's recovery if the case went to trial, plus an additional 5% if appellate proceedings were instituted. Shortly before the Smith trial began in December 1987, Service Master settled for $29,000. Pursuant to the appellant's contract with Davis, the firm received 50% of the gross fee payable to Davis, which was 40% of $29,000. The trial against University Medical Center resulted in a verdict for Smith which netted him no recovery due to his comparative negligence and a set-off necessitated by his settlement with Service Master. Still represented by Davis, Smith successfully appealed the judgment and a new trial was ordered. See Smith v. University Medical Ctr., Inc., 559 So.2d 393 (Fla. 1st DCA 1990).
Before the retrial, Smith settled his claim with University Medical Center for $25,000. Thereafter, a dispute arose between the appellant and Davis concerning the appellant's entitlement to some portion of this money. Back in 1987, the appellant had filed a charging lien in the Smith case and Davis noticed a hearing thereon in an effort to resolve the fee dispute. The appellant moved to stay and/or abate the hearing and attached to its motion a copy of a complaint it had filed against Davis months before in federal court. In the complaint, the appellant alleged that it was entitled to half of the 40% fee payable to Davis from Smith's settlement with University Medical Center. The appellant sought to stay or abate the hearing on its charging lien by arguing that the federal court had exclusive jurisdiction over its dispute with Davis over the fee. The trial court denied the appellant's motion without explanation.
At the subsequent hearing on the appellant's charging lien, Davis contended that the appellant was not entitled to any fee because: (a) its contract with the appellant cannot be construed as the appellant urges absent a violation of Rule 4-1.5, Rules Regulating the Florida Bar; (b) Davis is entitled to 100% of any fee generated as a result of the appeal pursuant to paragraph 7 of the contract; and (c) because no fee would have been generated absent the appeal and Davis performed all the appellate work, it is entitled to 100% of the fee. The appellant responded that while Davis is entitled to 100% of the extra fee charged Smith as a result of the appeal (5% of $25,000), it is entitled to half of the gross fee payable to Davis, or half of 40% of the $25,000 settlement. Persuaded by Davis's arguments, the trial court dismissed the appellant's charging lien. In its order, the court found that although the appellant had performed approximately half of the pretrial work in the Smith case, no post-trial fee would have been generated absent Davis's appellate efforts. The court's order provides in pertinent part:
It is therefore, ORDERED AND ADJUDGED:
1. That Mark J. Kaufman, P.A., is not entitled to any fees under the provisions of Rule 4-1.5, Rules Regulating the Florida Bar, because he did not participate in the appeal and he did not perform any duties for which he can be compensated, and because the provisions of the contract clearly show that DAVIS & MEADOWS, P.A., are entitled to 100% of any additional fee charged for said appellate proceedings.
2. The charging lien is dismissed and Mark J. Kaufman, P.A., shall take nothing thereon.
Three issues are presented for our review. First, the appellant argues that the trial court erred when it refused to stay or abate the hearing on its charging lien because the parties' fee dispute was already pending in federal court and its close nexus with the bankruptcy case rendered the federal *1211 court a more appropriate forum for its resolution. Next, the appellant asserts as error the trial court's implicit finding that the fee-splitting contract is unenforceable because it violates Rule 4-1.5, Rules Regulating the Florida Bar. Finally, the appellant complains that the trial court misinterpreted the contract when it concluded that Davis was entitled to 100% of any fee recovered after an appeal. We affirm, without discussion, the trial court's refusal to stay or abate the hearing on the charging lien, but address the appellant's other two points.
The fee-splitting contract became effective on January 12, 1987, when the last of the parties thereto signed it. As of that date, Rule 4-1.5 of the Rules Regulating the Florida Bar provided in pertinent part:
(E) A division of fee between lawyers who are not in the same firm may be made only if: (1) The division is in proportion to the services performed by each lawyer or, by written agreement with the client, each lawyer assumes joint responsibility for the representation; (2) The client is advised of and does not object to the participation of all the lawyers involved; and (3) The total fee is reasonable.
Fla. Bar Rule 4-1.5(E)(1)-(3) (1987); See also The Fla. Bar Re Rules Regulating the Fla. Bar, 494 So.2d 977, 1030 (Fla. 1986) (setting out the rules regulating the conduct of Florida lawyers effective January 1, 1987), corrected, 507 So.2d 1366 (Fla. 1987).
We are not convinced that the facts presented here reveal an ethical violation, but, even assuming that the fee-splitting contract divides the fee between the parties in a manner inconsistent with Rule 4-1.5, Davis may not rely upon the rule to avoid its contractual obligations. We note that the preamble to Chapter 4 entitled, "Rules of Professional Conduct," provides in relevant part:
Violation of a rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the rule. Accordingly, nothing in the rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such duty.
(emphasis added). We have interpreted this language to mean that it is error to use an ethical rule as a basis to invalidate or render void a provision in a private contract between two parties. See Lee v. Florida Dept. of Ins. & Treasurer, 586 So.2d 1185, 1188 (Fla. 1st DCA 1991) ("To use rule 4-5.6 as the basis for invalidating a private contractual provision is manifestly beyond the stated scope of the Rules and their intended legal effect."). Accordingly, we conclude that it was error to rely upon Rule 4-1.5 as a basis for relieving Davis of the obligations which it freely and voluntarily assumed.
Finally, we agree with the appellant's assertion that the trial court misinterpreted that portion of the parties' contract which provides that Davis "shall be entitled to 100% of any additional fee charged for said appellate proceedings." The attorney's fee generated by the postappeal settlement with the medical center cannot fairly be characterized as an appellate fee payable solely to Davis. In our view, the contract's reference to the "additional fee charged for said appellate proceedings" could only be a reference to the additional percentage of the plaintiff's recovery *1212 that plaintiffs' lawyers charge their contingent fee clients when the plaintiff's recovery is delayed by an appeal. An additional percentage under such circumstances is specifically permitted by the Rules Regulating the Florida Bar, see Fla. Bar Rule 4-1.5(D)(4)(b)1.f, and we note that Davis's contract with Smith contained just such a provision. We therefore conclude that Davis is entitled to 100% of the "additional fee charged" Smith, or 100% of 5% of the $25,000 settlement with the medical center. Pursuant to paragraph five of the contract, however, the appellant is entitled to half of 40% of the same figure.
Accordingly, the trial court's order denying the appellant's motion to stay and/or abate the hearing on the charging lien is affirmed. The order dismissing the appellant's charging lien is reversed and the cause is remanded for proceedings consistent with this opinion.
BARFIELD and KAHN, JJ., concur.