743 So.2d 247 (1999)
Alice Faye LAWRENCE, Plaintiff-Respondent.
v.
SECURITY PROFESSIONALS, et al., Defendant-Applicant.
No. 32,325-CW.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1999.
Writ Denied November 24, 1999.
*248 W. James Singleton, Shreveport, Counsel for Respondent, Alice Faye Lawrence.
Bodenheimer, Jones & Szwak by David A. Szwak, Shreveport, Counsel for Applicant, Colony Insurance Company.
Scott P. Gaspard, Baton Rouge, Counsel for Defendant, Security Professionals.
Before BROWN, WILLIAMS and DREW, JJ.
WILLIAMS, Judge.
In this personal injury action, the defendant, Colony Insurance Company, filed a writ application with this court seeking review of the district court's denial of its motion for summary judgment. We granted the writ in order to exercise our supervisory jurisdiction. See Rasheed v. Pace, 489 So.2d 488 (La.App. 2d Cir.1986). For the following reasons, we affirm.

FACTS
On December 27, 1994, the plaintiff, Alice Lawrence, was present at the Club Lexus, a lounge located in Shreveport, Louisiana, when several other patrons became involved in a fight. At some point during the disturbance, Lawrence was struck in the face by an object. Melvin Ashley d/b/a/ Security Professionals ("Security") was under contract to provide security for the premises. According to Lawrence, she was hit in the face with a blunt object by Oscar Washington, a security guard employed by Security. Lawrence was injured as a result of the impact.
Subsequently, the plaintiff filed a petition for damages against the defendants, Security and its liability insurer, Colony *249 Insurance Company ("Colony"). Plaintiff's petition alleged that she was injured when the security guard attacked and hit her in the face. However, in her deposition, plaintiff indicated that she did not believe the security guard had intentionally hit her. The plaintiff stated that during the guard's argument with several other patrons, she walked behind the guard as he was swinging his arm, and he struck her in the mouth with a flashlight.
In an affidavit, Washington stated that on the night of the incident, he was working as a security guard at Club Lexus and observed a group of females physically attack another female. The Shreveport Police were called to the scene. Washington said that he escorted the injured victim out of the bar and noticed that one woman in the group, the plaintiff, was bleeding from the nose and mouth. Washington stated that while outside of the bar, he was hit and kicked by several women in the group as they again tried to approach the victim. Washington denied that he struck the plaintiff or any of the women with a flashlight or other object.
Colony filed a motion for summary judgment alleging that it is not liable for damages because the insurance policy issued to Security contains a provision excluding coverage for any injuries or medical expenses arising from an assault and battery committed by any insured, any employee of the insured or any other person. The district court denied Colony's motion for summary judgment, finding that a genuine issue of material fact existed concerning the intent of the security guard. After obtaining an affidavit from Washington, Colony filed a second summary judgment motion, which was also denied.
Colony applied to this court for a supervisory writ seeking review of the district court's denial of summary judgment. This court granted the writ in order to exercise its supervisory jurisdiction. Lawrence v. Security Professionals, 32,325-CW (La. App.2d Cir.2/11/99).

DISCUSSION
Colony contends the trial court erred in denying its motion for summary judgment. Colony argues that the plaintiff's injuries arise from an alleged assault and battery, and thus the insurance policy excludes coverage for the insured's potential liability resulting from such intentional harm.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. If the movant will not bear the burden of proof at trial on the matter, the mover is required to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. LSA-C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
An insurance policy is an agreement between the parties and should be interpreted according to ordinary contract principles. Smith v. Matthews, 611 So.2d 1377 (La.1993). The parties' intent concerning the extent of coverage should be determined by the general, ordinary and plain meaning of the words used in the policy, unless the words have acquired a technical meaning. LSA-C.C.art.2047. Insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96), 665 So.2d 1166.
Exclusionary provisions in insurance contracts are strictly construed *250 against the insurer, and any ambiguity is construed in favor of the insured. Ledbetter v. Concord General Corp., supra. The insurer has the burden of proving that a loss comes within a policy exclusion. La. Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London, 616 So.2d 1250 (La.1993). Summary judgment declaring a lack of coverage may not be rendered unless there is no reasonable interpretation of the insurance policy, in light of the undisputed facts shown by the evidence supporting the motion, under which coverage could be afforded. Jackson v. Rogers, 95-0486 (La.App. 1st Cir. 11/9/95), 665 So.2d 440.
Battery is defined as intentional offensive contact with another person. Caudle v. Betts, 512 So.2d 389 (La.1987). Intent means that the actor either consciously desires the physical result of his act, or knows that the result is substantially certain to follow from his conduct. Bazley v. Tortorich, 397 So.2d 475 (La.1981).
Here, the insurance policy issued by Colony to Security contains an assault and battery exclusion which provides in pertinent part:
This insurance does not apply to damages or expenses due to Bodily Injury, Property Damage or Medical expenses... arising from:
A) Assault and Battery committed by any insured, any employee of any insured, or any other person, whether or not committed by or at the direction of any insured,
B) The failure to suppress or prevent assault and battery by any person....
Initially, we note that the parties' pleadings indicate that a factual dispute exists. In her petition and deposition, the plaintiff identifies Security's employee, Oscar Washington, as the person whose act caused her injuries. However, in their answers, both Security and Colony deny that Washington hit the plaintiff.
The security guard's affidavit and plaintiff's deposition give differing accounts of the events on the night in question. Washington testified that during the bar disturbance he did not strike plaintiff or any other woman. Washington asserted his belief that plaintiff was a member of a group of women who had been fighting with another female, and stated that he had observed plaintiff bleeding from the nose and mouth after having been injured during the altercation. This statement contradicts plaintiffs testimony that she had not been involved in a fight but was hit and injured by Washington. This dispute concerns a material factual issue because if Washington did not strike plaintiff there would not be a basis for imposing liability upon defendants.
Colony argues that the security guard's denial that he hit plaintiff is irrelevant to the summary judgment motion because under the terms of the policy, the exclusion applies whether Security's employee or another person intentionally committed battery upon plaintiff. Colony also urges that it does not matter whether the person actually intended to strike plaintiff or mistakenly hit her while intending to strike another individual. Accepting Colony's position that the policy exclusion would apply regardless of who committed the battery, Colony was nevertheless required to show the lack of a genuine factual dispute that plaintiffs injuries resulted from an intentional tort in order to establish its entitlement to summary judgment.
To support its contention that the policy's assault and battery exclusion relieves it of liability, Colony cites Cortinez v. Handford, 490 So.2d 626 (La.App. 2d Cir. 1986) and Jackson v. Rogers, supra. In Cortinez, supra, there was apparently no dispute that the bar patron was injured by the intentional act of another customer. This court found that an assault and battery was the occurrence giving rise to the patron's injuries and that the policy specifically excluded coverage for such damages. Similarly, in Jackson, it was undisputed *251 that the injured dance hall patron was involved in an altercation with another patron and an employee when she was injured.
Here, in contrast, plaintiff disputes Washington's assertion that she was involved in an altercation with another customer. Although Washington stated the plaintiff "appeared" to have been injured in a fight, he did not affirmatively say that he observed how her injury occurred. Thus, this case does not involve an undisputed element of intentional conduct, as distinguished from the factual situation in the Cortinez and Jackson cases.
Colony also contends that plaintiff's description in her petition and deposition of the security guard's actions requires a finding that Washington intended to inflict battery upon someone, even if he did not specifically intend to hit the plaintiff. We cannot agree. A reading of the plaintiffs entire deposition shows that although she speculated about Washington's motive, she repeatedly refused to say that it had been her impression that the security guard believed he was hitting someone who was a threat when he hit plaintiff. Additionally, the security guard's actions could be interpreted as an attempt to avoid being grabbed by others, and in turning away he inadvertently hit plaintiff with his flashlight.
Based on the parties' pleadings, and the affidavit and deposition submitted in connection with the motion for summary judgment, there is evidence that an insurance policy issued by Colony to Security was in effect at the time of the incident, and that someone struck the plaintiff, who was injured as a result. The factual inquiry of whether plaintiff's injuries were caused by an accident or an intentional battery remains in dispute between the parties. In choosing between these conflicting views, and making a determination concerning the applicability of the assault and battery exclusion to these circumstances, the fact finder will be required to weigh the credibility of the witnesses.
Therefore, we conclude that Colony has failed to satisfy its burden of establishing the absence of a genuine issue of material fact with respect to its assertion that an assault and battery caused plaintiff's injuries, thereby excluding coverage for such damages. Consequently, we cannot say the district court erred in denying Colony's motion for summary judgment. The assignments of error lack merit.

CONCLUSION
For the foregoing reasons, the district court's judgment denying the motion for summary judgment is affirmed. The case is remanded to the district court for further proceedings. Costs of this writ disposition are assessed to the applicant, Colony Insurance Company, pursuant to URCA 4-8.
AFFIRMED.