McDonald, j.
|2On May 10, 2003, the M/V MR. C., owned by Camille Laforte d/b/a Chase Marine (Camille Laforte), was operating as a stand-by utility vessel for an oil-production platform owned by Stone Energy Corporation (Stone Energy), in Eugene Island Block 243 in the Gulf of Mexico. The captain, George Griffin, was attempting to pick up a crewman that he had dropped off earlier at the Stone Energy D-243 platform.
As the M/V MR. C. approached the D-243 platform, Captain Griffin backed the boat aside the D-243 platform, which was 20 feet away from a D-Aux platform. The D-Aux platform, which was not intended for docking, and was accessible to the D-243 platform by a walkway, had padeyes, seven-inch long protrusions located five feet below sea level, used for transporting the D-Aux platform. The padeyes were *184 not visible from the surface. Unbeknownst to Captain Griffin, the M/V MR. C. made contact with one of the padeyes on the D-Aux platform during the docking.
The crewman boarded the M/V MR. C. and it departed, heading for a main platform elsewhere. Within minutes, the bilge alarm sounded, and the vessel began taking on water from a split in the starboard side of the hull. The M/V MR. C. sank within a short period of time. No one was injured. A Coast Guard investigation determined that Captain Griffin was completely at fault for the accident.
Thereafter, AXA Re Property and Casualty Insurance Company (AXA Re Insurance), the hull insurer of the M/V MR. C., paid the policy proceeds to Camille La-forte. Camille Laforte and AXA Re Insurance (collectively the plaintiffs) then filed suit for damages on May 11, 2004, against Gulf Island Fabrication (Gulf Island), which built the D-Aux platform, and on June 9, 2006, added as a defendant Engineering Corporation of Louisiana (ECL), which designed the D-Aux platform.
|sOn March 17, 2006, Gulf Island filed a motion for summary judgment, asserting that it had fabricated the platform, which included the 2-well braced caisson jacket, deck, and piling, for Eugene Island 243 D in accordance with the drawings and specifications, and that Stone Energy had inspected and accepted the work, thereby transferring the responsibility for and ownership of the structure to Stone Energy. Gulf Island asserted that plaintiffs had failed to produce any evidence or expert opinion that the fabrication was faulty. Further, Gulf Island asserted that the padeyes were utilized as lifting points for placing the well jacket, and that once the jacket was placed on the dock barge, its ownership and control vested in Stone Energy. Only Stone Energy, Gulf Island asserted, could then decide whether to remove the padeyes, or to leave them intact in the event the platform had to be moved again. Thus, Gulf Island asserted, there was no evidence that the padeye at issue was defectively designed or unreasonably dangerous, and summary judgment should be granted in its favor.
Thereafter, the trial court determined there was no evidence that the padeye was defectively designed or was dangerous, and granted summary judgment in favor of Gulf Island, dismissing the plaintiffs’ suit against Gulf Island.
The case later went to trial against the remaining defendant, ECL. After a trial on the merits, the trial court ruled in favor of the plaintiffs. In its reasons for judgment, the trial court found there was no fault on the part of Captain Griffin, and that ECL should have reasonably anticipated that there would be vessel activity in close proximity and possible contact with the D-Aux platform, and that ECL had a duty to warn of the underwater padeye. Further, the trial court found that the duty to warn was within the scope of protection afforded by the duty breached, and that the breach of the duty to warn caused the M/V MR. C. to sink. Finding that the accident was entirely the fault of ECL, the trial court awarded judgment in favor of AXA Re Insurance and against ECL in the amount that AXA |4Re Insurance paid under its policy, $486,435.33; and awarded judgment in favor of Camille Laforte and against ECL in the amount of Camille Laforte’s insurance deductible, $150,000.00.
ECL is appealing that judgment, and asserts four assignments of error. Also, ECL filed an exception of prescription with this court. The assignments of error are as follows:
*185 1. The trial court erred in failing to deem the plaintiffs’ claims prescribed.
2. The trial court erred in faffing to apply the law of the case holding that there was no evidence that the padeye was defectively designed or unreasonably dangerous.
3. The trial court erred in finding ECL liable for the plaintiffs’ damages, whether through the working of the LPLA, under the Louisiana law of negligence, ' or negligence under maritime law.
4. The trial court erred in faffing to find Laforte solely or partially at fault for causing the plaintiffs’ damages.
ASSIGNMENT OF ERROR NO. 1
In this assignment of error, ECL asserts that the trial court erred in failing to find that the plaintiffs’ claims had prescribed. The 1WV MR. C. sank on May 10, 2003. The plaintiffs filed suit against Gulf Island on May 11, 2004. The plaintiffs then filed a supplemental and amending petition adding ECL as a defendant on June 9, 2006, more than three years after the sinking of the vessel. ECL asserts that all of the plaintiffs’ theories of liability are based on tort law, thus, they are subject to a one-year prescriptive period, under La. C.C. art. 3492, or three years under general maritime law, citing Bellamy v. Garber Bros., Inc., 472 So.2d 194, 196 (La.App. 4th Cir.1985) and Flowers v. Savannah Machine & Foundry Co., 310 F.2d 135, 138-139 (5th Cir.1962). ECL further asserts that the petitions do not allege solidary liability on the part of ECL and Gulf Island, and that there is no solidarity, thus the filing adding ECL is not timely.
|fiThe peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision. La. C.C.P. art. 928. ECL pleaded the exception of prescription in its answer, and the trial court denied the exception implicitly by proceeding to trial on the merits.[1] ECL also filed an exception of prescription with this court.
The burden of proof is normally on the party pleading prescription; however, if on the face of the petition it appears that prescription has run, as in this case, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Furthermore, if the plaintiffs basis for claiming interruption of prescription is solidary liability between two or more parties, then the plaintiff bears the burden of proving that solidary relationship. Younger v. Marshall Industries, Inc., 618 So.2d 866, 869 (La.1993).
As explained in Renfroe v. State of Louisiana ex rel. Dept. of Transp. and Development, 01-1646, p. 4 (La.2/26/02), 809 So.2d 947, 950:
[T]he interruption of prescription by suit against one solidary obligor is effective as to all solidary obligors. La. C.C. arts. 1799 and 3503. The same principle is applicable to joint tortfeasors. La. C.C. art. 2324 C. However, a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, since no joint or solidary obligation would exist. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992).
In this case, since the timely sued defendant, Gulf Island, was dismissed from the suit, prescription against ECL is not interrupted and the plaintiffs’ suit against *186 it has prescribed, unless some other basis to revive this suit is found. See Renfroe, 01-1646 at p. 4, 809 So.2d at 950.
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the | fioriginal pleading. La. C.C.P. art. 1153. Thus, we look to Ray v. Alexandria Mall, through St. Paul Property and Liability Ins., 434 So.2d 1083, 1087 (La.1983), wherein the Louisiana Supreme Court established four criteria for determining whether La. C.C.P. art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of filing of the original petition,
(1)The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
As to the first criteria, the amended claim clearly arose out of the same transaction or occurrence set forth in the original pleading. The amended pleadings merely added ECL to the suit, as the designer of the platform, asserting the same products liability as asserted in the original petition against Gulf Island, as the manufacturer of the platform.
As to the second criteria, we look to see whether ECL received notice of the institution of the suit such that it would not be prejudiced in maintaining a defense on the merits of the case. ECL asserts that it was never given any notice of the lawsuit until it was named as a defendant in the supplemental and amending petition. As noted in Renfroe, 01-1646 at p. 5, 809 So.2d at 951, notice of the accident is not the same as receiving notice of the institution of the lawsuit.
In his memorandum in opposition to the exception of prescription, Camille Laforte asserts that “ECL was not prejudiced and has never alleged that it was [7prejudiced. ECL knew that if Plaintiff had known of ECL at the time of original filing as opposed to learning of ECL through discovery, that ECL would have also been an original defendant. Finally, ECL knew that the design and manufacture of the subject rig with padeye was at issue from the beginning.” Camille Laforte then asserts that interruption of prescription against one joint tortfeasor is effective against all toiifeasors, relying upon La. C.C. art. 2324, which we have already explained does not apply herein as there is no joint liability when one party has been dismissed from the suit. Camille Laforte does not point out any evidence in the record showing that ECL knew of the lawsuit prior to being added as a defendant on June 9, 2006. However, even if ECL knew of the lawsuit prior to being added as a defendant, we find that the third and fourth criteria, below, were not met.
The third criteria, that the purported substitute defendant must know or should have known that but for a mistake con- *187 ceming the identity of the proper party defendant, the action would have been brought against him, is clearly not met in this case either. There was no mistaken identity, as in the Ray case, when the plaintiff filed suit against “Alexandria Mall” rather than the “Alexandria Mall Company.” See Ray, 434 So.2d at 1087.
As to the fourth criteria, the substitute defendant may not be a wholly new or unrelated defendant. ECL is clearly a wholly new and unrelated defendant from Gulf Island. As the court in Renfroe points out, “the Ray criteria seek ‘to prevent injustice to plaintiffs who mistakenly named an incorrect defendant, at least when there was no prejudice to the subsequently named correct defendant.’ ” Ren-froe, 01-1646 at p. 8, 809 So.2d at 952.
Thus, we find that the four criteria required to be met in order for the amended petition to relate back to the date of the filing of the original petition naming Gulf Island as a defendant are clearly not all met in this case. Therefore, |8the exception of prescription filed by ECL must be maintained, and the judgment against it vacated. Accordingly, we need not address the remaining assignments of error.
For the foregoing reasons, the exception of prescription filed by ECL is maintained, and the trial court judgment dated December 21, 2009, in favor of Camille Laforte against ECL, and in favor of AXA Re Insurance against ECL, is vacated. Costs of this appeal are assessed one-half against Camille Laforte and one-half against AXA Re Insurance.
EXCEPTION OF PRESCRIPTION MAINTAINED; TRIAL COURT JUDGMENT VACATED.

. There is no judgment on ECL’s exception of prescription in the record.