STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0558

BRIGITTE TAYLOR-HAYNES

VERSUS

TROPICANA ENTERTAINMENT LLC D/B/A
THE BELLE OF BATON ROUGE

Judgment Rendered: _ **NOV 1 5 2023**

* * * * * * *

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court Docket Number C658360, Sec. 27

Hon. Trudy M. White, Judge Presiding

* * * * * * *

| | |
|---|---|
| Alvin R. Washington<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant,<br>Brigitte Taylor-Haynes |
| Brett M. Bollinger<br>Jeffrey E. McDonald<br>L. Peter Englade<br>Covington, Louisiana | Counsel for Defendant/Appellee,<br>Catfish Queen Partnership<br>in Commendam |

* * * * * * *

**BEFORE: THERIOT, PENZATO, AND GREENE, JJ.**

**PENZATO, J.**

Plaintiff/appellant, Brigitte Taylor-Haynes, appeals from the trial court's January 5, 2023 judgment granting a "Motion for Summary Judgment/Exception of Prescription" filed by defendant/appellee, Catfish Queen Partnership in Commendam. For the following reasons, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Brigitte Taylor-Haynes allegedly sustained injuries in a slip and fall accident at the Belle of Baton Rouge, a casino, on June 6, 2016. She filed suit on June 1, 2017 against Tropicana Entertainment, LLC as the alleged owner and operator of the Belle of Baton Rouge at the time of her accident. Tropicana answered the petition on July 5, 2017, asserting that it "does not *directly* own or operate the Belle of Baton Rouge." (Emphasis added.)

With leave of court, Ms. Taylor-Haynes amended her petition for damages on December 11, 2020. The amended petition named Catfish Queen Partnership in Commendam D/B/A Belle of Baton Rouge as a defendant and alleged that Catfish Queen owned and operated the Belle of Baton Rouge. Catfish Queen answered the amended petition on February 12, 2021 and admitted that it owned and operated the Belle of Baton Rouge.

On February 7, 2022, more than four years after suit was filed and more than one year after Catfish Queen was added as a defendant, Tropicana filed a motion for summary judgment, seeking dismissal of the claims against it. Tropicana maintained that it did not "directly own or operate" the Belle of Baton Rouge. The motion was granted, and all claims asserted against Tropicana were dismissed via judgment signed on March 31, 2022.

On July 12, 2022, Catfish Queen filed the subject motion for summary judgment and alternative peremptory exception of prescription, asserting that Ms.

Taylor-Haynes's suit, filed more than one year after the alleged slip and fall, was prescribed. *See* La. C.C. art. 3492 ("Delictual actions are subject to a liberative prescription of one year.") *See also* La. C.C.P. arts. 927(A)(1) and 966. Catfish Queen argued that, since Tropicana was dismissed, the original petition timely filed against Tropicana did not interrupt prescription on the claims against it, Catfish Queen. Pursuant to La. C.C. art. 3462, prescription is interrupted by the commencement of suit against the obligor in a court of competent jurisdiction and venue. The interruption of prescription by suit against one joint or solidary obligor is effective as to all obligors. *See* La. C.C. arts. 1799, 2324(C), and 3503. However, a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs. In this instance, no joint or solidary obligation would exist. *See Renfroe v. State ex rel. Department of Transportation and Development*, 2001-1646 (La. 2/26/02), 809 So.2d 947, 950.

In response, Ms. Taylor-Haynes asserted that the amended petition related back to the filing of the original petition. Louisiana Code of Civil Procedure art. 1153 provides, "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." Ms. Taylor-Haynes also asserted that the relation back criteria set forth in *Ray v. Alexandria Mall, Through St. Paul Property & Liability Ins.*, 434 So.2d 1083, 1086-87 (La. 1983) were satisfied.

The trial court granted Catfish Queen's "Motion for Summary Judgment/Exception of Prescription" in a judgment signed on January 5, 2023, and dismissed all claims asserted by Ms. Taylor-Haynes against Catfish Queen, with prejudice. The trial court found that the issue was governed solely by La. C.C. art.

1799,[1] applicable to solidary obligors, and agreed with Catfish Queen that prescription was not interrupted against it after Tropicana was dismissed; therefore, the plaintiff's claims against Catfish Queen were prescribed. The trial court expressly found that La. C.C.P. art. 1153 did not apply and, therefore, did not perform a relation back analysis pursuant to *Ray*.

This appeal by Ms. Taylor-Haynes followed.

## DISCUSSION

Generally, prescriptive statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. The burden of proof on the issue of prescription lies with the party asserting it unless the plaintiff's claim is barred on its face, in which case the burden shifts to the plaintiff. *Bailey v. Khoury*, 2004-0620 (La. 1/20/05), 891 So.2d 1268, 1275.

In this case, the amended petition is prescribed on its face because it was filed on December 11, 2020, over four years after the accident, which occurred on June 6, 2016. *See* La. C.C. art. 3492. Therefore, Ms. Taylor-Haynes had the burden of proving that her claims against Catfish Queen were not prescribed.

On appeal, Ms. Taylor-Haynes asserts that the trial court erred in ruling that La. C.C.P. art. 1153 does not apply. Ms. Taylor-Haynes further asserts that the *Ray* criteria are satisfied, and the trial court erred by failing to find that the amended petition filed against Catfish Queen relates back to the date of the filing of the original petition naming Tropicana. We agree with both assertions.

### Relation Back as a Basis to Revive the Suit

In *Renfroe*, 809 So.2d at 949-950, the plaintiff timely filed suit against the Louisiana Department of Transportation and Development (DOTD), erroneously believing it was the party legally responsible for the roadway where the subject

---

[1] Louisiana Civil Code art. 1799 states, "The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs."

4

accident occurred. After the expiration of the prescriptive period, the plaintiff amended the petition to name the correct owners of the roadway, and the claims against DOTD were dismissed. The Louisiana Supreme Court stated that, because the timely sued defendant was dismissed from the suit, prescription against the substitute defendants was not interrupted and plaintiff's suit against them was prescribed, "unless some other basis to revive" the suit was found. *Renfroe*, 809 So.2d at 950. The court then conducted a relation back analysis, applying the *Ray* criteria to the facts of the case. *Renfroe*, 809 So.2d at 950-953.

Similarly, *see Laforte v. Gulf Island Fabrication, Inc.*, 2010-1605 (La. App. 1st Cir. 5/3/11), 65 So.3d 182, 185-86, *writ denied,* 2011-1484 (La. 9/30/11), 71 So.3d 296, wherein this court stated, "[I]n this case, since the timely sued defendant...was dismissed from the suit, prescription against [the substitute defendant] is not interrupted and the plaintiffs' suit against it has prescribed, unless some other basis to revive this suit is found." *Citing Renfroe*, 809 So.2d at 950. This court then applied the *Ray* criteria to the facts of the case to determine whether the amended petition adding the substitute defendant related back to the date the original petition was filed. *See* La. C.C.P. art. 1153. *Laforte*, 65 So.3d at 186-7. *See also Liberty Mutual Fire Ins. Co. v. Randall J. Hebert & Associates, Inc.*, 2019-767 (La. App. 3d Cir. 4/29/20), 297 So.3d 1051, 1055, finding that joint or solidary liability did not exist, because the timely sued defendants were dismissed, and the amended petition did not relate back to the original filing date pursuant to Article 1153.

Here, the trial court ended its analysis upon concluding that the timely sued defendant, Tropicana, was dismissed. The trial court legally erred by failing to determine whether "some other basis to revive this suit" existed, *i.e.*, relation back

5

pursuant to Article 1153 and the *Ray* criteria.[2] *See Renfroe*, 809 So.2d at 950. Therefore, we review the evidence *de novo* to determine whether the amended petition naming Catfish Queen relates back to the timely filed suit against Tropicana. *See Landry v. City of Mandeville*, 2021-1362 (La. App. 1st Cir. 4/27/22), 342 So.3d 337, 344, *writ denied*, 2022-00828 (La. 9/27/22), 347 So.3d 155 (the *de novo* standard of review applies when one or more legal errors interdict the fact-finding process.) Because we find legal error, we pretermit discussion of the standard of review that would otherwise apply to Catfish Queen's motion for summary judgment and alternative peremptory exception of prescription.[3]

### *Amended Petition Naming Catfish Queen Relates Back*

As set forth in *Ray*, 434 So.2d at 1086-1087, the following criteria are relied upon to determine whether La. C.C.P. art. 1153 allows an amendment, which

---

[2] A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. *Landry v. City of Mandeville*, 2021-1362 (La. App. 1st Cir. 4/27/22), 342 So.3d 337, 344, *writ denied*, 2022-00828 (La. 9/27/22), 347 So.3d 155. Because we find the trial court legally erred by failing to apply La. C.C.P. art. 1153 and by failing to conduct a relation back analysis, we pretermit consideration of whether the trial court erred by applying La. C.C.P. art. 1799. Even without such a finding, a relation back analysis is required. *See Findley v. City of Baton Rouge*, 570 So.2d 1168, 1170 (La. 1990), applying Article 1153 and the *Ray* criteria where there was no allegation of joint or solidary liability between the City of Baton Rouge and the Recreation and Park Commission for the Parish of Baton Rouge (BREC).

[3] Catfish Queen did not introduce exhibits into evidence during the hearing on its alternative exception of prescription. Evidence not properly and officially offered and introduced cannot be considered on an exception of prescription, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. *Denoux v. Vessel Management Services, Inc.*, 2007-2143 (La. 5/21/08), 983 So.2d 84, 88. Therefore, we do not consider the exhibits attached to Catfish Queen's exception of prescription in connection with our *de novo* review. We also note that the result reached in this opinion would be the same if we considered Catfish Queen's assertion of prescription pursuant to La. C.C.P. art. 966. Catfish Queen's exhibits did not include the original and amended petitions or the relevant judgment dismissing Tropicana. Documents must specifically be filed in support of or in opposition to a motion for summary judgment for the court to consider them; reference to documents existing elsewhere in the record is not sufficient. *Davis v. Hixson Autoplex of Monroe, L.L.C.*, 51,991 (La. App. 2d Cir. 5/23/18), 249 So.3d 177, 182. *See also Troncoso v. Point Carr Homeowners Association*, 2022-0530 (La. App. 1st Cir. 1/10/23), 360 So.3d 901, 915. Therefore, Catfish Queen failed to satisfy its summary judgment burden of proof. *See* La. C.C.P. art. 966(A)(4) and (D)(1). Although La. C.C.P art. 966 was amended by La. Acts 2023, No. 317, §1; La. Acts 2023, No. 368, § (eff. Aug. 1, 2023) to provide a procedure for reference to documents previously filed into the record, this court has held that the 2023 amendment to Article 966 cannot be applied retroactively. *See Ricketson v. Mckenzie*, 2023-0314 (La. App. 1st Cir. 10/4/23) --- So.3d ---, ---, 2023 WL 7037495, *4.

6

changes the identity of the defendant, to relate back to the date of filing of the original petition:

1. The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
2. The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
3. The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and
4. The purported substitute defendant must not be a wholly new or unrelated defendant.

The doctrine of relation back of amended pleadings should be liberally applied, particularly in the absence of prejudice. Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and the additional or supplemental parties, amendment should be allowed. *Holmes v. Triad Hospitality*, 2011-1486 (La. App. 3d Cir. 5/16/12), 89 So.3d 532, 535.

The first *Ray* criteria is undisputedly satisfied here. The claims against Catfish Queen set forth in the amended petition arise out of Ms. Taylor-Haynes's purported slip and fall accident at the Belle of Baton Rouge on June 6, 2016. This is the same incident that forms the basis of Ms. Taylor-Haynes's claims against Tropicana in the original petition.

We consider the remaining *Ray* criteria together, since the strength of the relationship between Tropicana and Catfish Queen is pertinent to each.

The prevention of prejudice to the defendant in preparing and conducting its defense is the "gravamen" of the second *Ray* criteria. *Findley v. City of Baton Rouge*, 570 So.2d 1168, 1170 (La. 1990). "A fundamental purpose of prescriptive statutes is to protect a defendant from stale claims and from the loss or non-preservation of relevant proof." *Findley*, 570 So.2d at 1170. To avoid such prejudice, the second *Ray* criteria concerns whether the newly added defendant

7

received notice of the institution of the action. An inference of notice may arise, and the amendment may relate back, where an identity of interest exists between the originally named defendant and the party the plaintiff intended to sue. In this instance, the institution of the action against one serves to provide notice of the litigation to the other. Sufficiency of the identity of interests depends upon the closeness of the relationship between the parties in their business operations and other activities. *Findley*, 570 So.2d at 1171. The relationship between the entities must be of such a close nature that there is an inference of notice. *Micken v. DHC OPCO-Napoleonville, LLC*, 2018-0140 (La. App. 1st Cir. 11/2/18), 2018 WL 5732482, *4 (unpublished).

In opposition to Catfish Queen's alternative exception of prescription, Ms. Taylor-Haynes properly offered, filed, and introduced twenty-nine exhibits into evidence.[4] This evidence establishes that Ms. Taylor-Haynes was confronted with a "maze of closely related corporate" entities. *See Renfroe*, 809 So.2d at 952.

Catfish Queen is one of five closely related companies, along with Tropicana; New Tropicana Holdings, Inc.; New Jazz Enterprise, L.L.C.; and New Tropicana OpCo, Inc. Tropicana was the parent company of New Tropicana Holdings and served as the manager of New Jazz. New Tropicana Holdings and New Jazz were Catfish Queen's limited partners, and New Tropicana OpCo was Catfish Queen's general partner.

In response to plaintiff's requests for admission, Catfish Queen denied that it was ever "a direct subsidiary" of Tropicana; however, a 2018 lease assignment, concerning property in Baton Rouge, identifies Catfish Queen as "an indirect and controlled subsidiary" of Tropicana. This document further states that Tropicana "agreed to cause [Catfish Queen] to assign" its right, title, and interest in the

---

[4] Louisiana Code of Civil Procedure art. 931 allows for the introduction of evidence to support or controvert a peremptory exception.

8

subject lease, evidencing Tropicana's control over Catfish Queen. Similarly, a September 2018 loan document identifies Tropicana as Catfish Queen's "ultimate parent company." The document was signed by Catfish Queen's general partner to allow Tropicana to refinance a loan, and Catfish Queen agreed to serve as guarantor.

The evidence, including the September 2018 loan document, also reflects that these five entities shared many of the same officers. These entities also shared multiple addresses, in "c/o Tropicana," in Las Vegas, Nevada. For instance, several documents reflect that Catfish Queen, New Tropicana OpCo, New Tropicana Holdings, and New Jazz identified their municipal address as "c/o Tropicana Entertainment Inc. 3930 Howard Hughes Parkway, 4th Flr., Las Vegas, NV 89169." At other times, each company, including Catfish Queen, identified its address as "c/o Tropicana Entertainment Inc., 8345 W. Sunset Road, Suite 300 Las Vegas, NV 89113."[5] The previously mentioned 2018 lease assignment identifies Catfish Queen's address as "c/o Tropicana Entertainment Inc., 8345 W. Sunset Road, Suite 300 Las Vegas, Nevada 89113." This is also listed as Tropicana's address in several foreign corporation annual reports filed with the Louisiana Secretary of State.

Catfish Queen does not deny a corporate connection with Tropicana. Instead, Catfish Queen asserts that Tropicana is not one of its "direct" partners. We find no merit in this argument. The identity of interest determination considers more than simply whether a "direct" parent/subsidiary relationship exists.

In *Cortinez v. Handford*, 490 So.2d 626 (La. App. 2d Cir. 1986), the plaintiff, Cortinez, timely filed suit against "Jack Handford, d/b/a Jack's Lounge" as the owner and proprietor of the lounge where she was injured; she also named the property's liability insurer. Cortinez subsequently amended her petition to

---

[5] Suite 200 is also listed.

name Karo, Inc., as the alleged owner of the lounge. *Cortinez*, 490 So.2d at 627. Mr. Handford and the insurer were subsequently dismissed from the suit. The Second Circuit Court of Appeal concluded that the relationship between the timely sued insurer and Karo, Inc., its insured, was sufficient to allow the amended petition naming Karo, Inc. to relate back. *Cortinez*, 490 So.2d at 630.

In *Findley*, 570 So.2d at 1172, the Louisiana Supreme Court found that the "very close relationship" between the City of Baton Rouge and BREC was sufficient to allow the amended petition naming BREC as a defendant to relate back to the suit filed against the City. Although BREC and the City were separate entities, the City exercised "an element of control" over BREC similar to that existing between corporations with interlocking officers and directors. *Findley*, 570 So.2d at 1171. The relationship between the City and BREC "was much the same" as that between a parent corporation and a subsidiary. *Findley*, 570 So.2d at 1171-1172. Similarly, here, the evidence reflects that Tropicana exercised an element of control over Catfish Queen and their "very close relationship" was "much the same" as a parent corporation and its subsidiary.

Tellingly, Catfish Queen does not assert that it has been prejudiced by Ms. Taylor-Haynes's failure to name it as an original defendant. The same law firm and attorneys that represented Tropicana in this litigation since its inception also represent Catfish Queen. These attorneys engaged in discovery on behalf of Tropicana, enabling Catfish Queen to benefit from these efforts and preventing prejudice due to the failure to preserve evidence or engage in a prompt investigation. In *Cortinez*, 490 So.2d at 630, the court noted that the timely named insurer investigated the plaintiff's claims and the same attorneys that represented Mr. Handford, the dismissed original defendant, also represented Karo, Inc. "The only reasonable inference is that Karo, Inc. must have received notice of the institution of the action such that it will not be prejudiced in maintaining a defense

on the merits." *Cortinez*, 490 So.2d at 630. *See Montminy v. Jobe*, 23474, 600 So.2d 121, 124-5 (La. App. 2d Cir. 1992), *writ denied*, 604 So.2d 1003 (La. 1992), "with the same attorney representing both the original and substituted defendants, and considering the tardiness with which [the original defendant] clarified her position, we fail now to view the [substitute defendants] as wholly new and unrelated parties."

Catfish Queen asserts that Tropicana advised Ms. Taylor-Haynes that it did not own or operate the Belle of Baton Rouge, information she "simply ignored." However, as pointed out by Ms. Taylor-Haynes, Tropicana asserted that it did not *directly* own or operate the premises, indicating it may have some *indirect* ownership or legal responsibility for the operation of the premises. Additionally, Tropicana participated in this litigation for nearly four years before it clarified its position.[6] *See Montminy*, 600 So.2d at 124, examining the original defendant's post-suit litigation tactics in its consideration of the *Ray* criteria, noting that the original defendant's pleadings and litigation position were not "designed to conclude her involvement in the litigation, directly and expeditiously." *Montminy*, 600 So.2d at 124.

After our *de novo* review, we conclude that an identity of interest exists between Tropicana and Catfish Queen such that notice of the institution of the suit to Tropicana served to provide notice to Catfish Queen (second *Ray* criteria).[7] *See Findley*, 570 So.2d at 1171; *Micken*, 2018 WL 5732482 at *4. The undisputed,

---

[6] In its answer, Tropicana asserted that the petition failed to state a cause of action and a right of action, with no factual support provided. Tropicana did not include an order to set these peremptory exceptions for trial. *See* La. C.C.P. art. 929. Tropicana also asserted the affirmative defenses of failure to mitigate, third-party fault, and plaintiff's sole fault, again with no factual support. *See* La. C.C.P. art. 1005; La. C.C. art. 2323. Tropicana's boilerplate assertions could have further caused Ms. Taylor-Haynes to disregard Tropicana's assertion that it did not "directly own or operate" the Belle of Baton Rouge.

[7] For this reason, we find no merit in Catfish Queen's assertion that it did not receive notice of suit during the prescriptive period and that this alone is a "fundamental flaw" in the plaintiff's relation back argument. Catfish Queen's reliance on cases like *Renfroe*, 809 So.2d 947, discussing notice of suit where no identity of interest existed between the original and substitute defendant, is misplaced.

close connection between Tropicana and Catfish Queen also supports a finding that Catfish Queen was not a wholly new or unrelated defendant (fourth *Ray* criteria) and should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against it (third *Ray* criteria). *See Findley*, 570 So.2d at 1172, citing the close relationship between BREC and the City as support for finding that the third and fourth *Ray* criteria were satisfied. *See also Cortinez*, 490 So.2d at 630, wherein the court found the fourth *Ray* criteria was satisfied, because the plaintiff's original petition asserted a negligence claim against the owner and operator of Jack's Lounge. "Accordingly, Karo, Inc. must have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against it as the actual owner and operator of the lounge." *Cortinez*, 490 So.2d at 630. The same is true here. Ms. Taylor-Haynes's claim has remained unchanged since the original petition was filed; she asserts a premises liability cause of action against the owner and operator of the Belle of Baton Rouge.

We conclude that the *Ray* criteria are satisfied, and the amended petition naming Catfish Queen as a defendant relates back under La. C.C.P. art. 1153 to the date of filing of the original petition, naming Tropicana as the owner and operator of the Belle of Baton Rouge.

## DECREE

The January 5, 2023 judgment granting the "Motion for Summary Judgment/Exception of Prescription" filed by Catfish Queen Partnership in Commendam is reversed. We deny Catfish Queen's motion for summary judgment and alternative peremptory exception raising the objection of prescription. The case is remanded to the trial court for further proceedings. All costs of this appeal are assessed against Catfish Queen Partnership in Commendam.

**REVERSED AND REMANDED.**

12