HOLDRIDGE, J.
Defendants-appellants, Jerry Landry, Jr. and Simoneaux's Mobile Home Movers, LLC, appeal the trial court's judgment denying their peremptory exception raising the objection of prescription and awarding plaintiffs-appellees, Brad and Joy Duet damages. For the following reasons, we affirm.
FACTUAL AND PROCEDURAL HISTORY
Mr. Duet was employed by Simoneaux's Mobile Home Movers, LLC, which was owned and operated by Mr. Landry. In August of 2011, Mr. Landry received a check from First American Trust for $28,095.12 that was payable to Mr. Duet. Mr. Landry asked Mr. Duet to endorse the check. Mr. Duet was allegedly unaware of what he was signing. The proceeds from the check were deposited into Mr. Landry's account. However, unbeknownst to Mr. Duet, the proceeds of the check were reported as retirement income belonging to him and his wife, Mrs. Duet. On January 7, 2013, plaintiffs received a notice from the Internal Revenue Service (IRS) for taxes on the retirement income along with penalties and interest. The notice asserted that plaintiffs owed the IRS
*921 $4,733.00 in unpaid taxes for the 2011 tax year.
On March 4, 2013, plaintiffs sent the IRS a letter advising them that they never received the $28,095.12 income and that they believed there was identity theft. Mrs. Duet then contacted the IRS to investigate the matter and discovered that the check, made payable to Mr. Duet and issued by First American Trust, was from the liquidation of a retirement account alleged to be earned by Mr. Duet from Simoneaux's Mobile Home Movers, LLC. After learning this, Mr. Duet promptly contacted Mr. Landry, who assured him that he would take care of it and claimed that it was a mistake.
On April 1, 2013, plaintiffs received another notice from the IRS stating that there was an increase in their taxes and gave them a limited time to appeal. Mr. Duet immediately contacted Mr. Landry, who again assured him that it was a mistake and that he was going to take care of it. Mr. Landry also told Mr. Duet that "he [had already] paid the taxes on it." On May 22, 2013, plaintiffs contacted the IRS and advised them that they had learned that Mr. Landry had created a retirement account in the name of Mr. Duet, without his knowledge. On July 10, 2013, the IRS sent another notice to plaintiffs advising them that it was investigating the matter.
On March 3, 2014, the IRS sent a notice to plaintiffs indicating that although plaintiffs' 2013 tax form showed an overpayment of $1,756.00, entitling them to a refund, the IRS was applying that amount to the tax purportedly owed by them to the IRS in 2011. Mr. Duet questioned Mr. Landry again about the tax issue and he reassured Mr. Duet that he was "still looking at it [and] that it was paid." On July 14, 2014, plaintiffs received a notice from the Louisiana Department of Revenue (LDR) stating that they owed the LDR the sum of $1,126.11, arising from a federal audit for the 2011 tax filing year, which included penalties and interest. Mr. Duet again contacted Mr. Landry about the issue, who again assured him that he was consulting with a CPA to resolve any issues and would pay any taxes owed.
On October 13, 2014, plaintiffs filed a petition for damages against defendants because they never received their money from defendants. In their petition, plaintiffs alleged that the proceeds from the check were liquidated retirement funds belonging to Mr. Duet and they sought a judgment in the amount of those funds as well as damages, including the IRS interest and penalties and general damages for emotional distress. Defendants answered the petition, contending that the funds did not belong to Mr. Duet because Mr. Landry had never established a retirement fund for Mr. Duet. Defendants also filed a peremptory exception raising the objection of prescription.
This matter proceeded to a bench trial on December 17, 2015. The trial court considered the peremptory exception raising the objection of prescription at trial and denied it. Testimony and evidence at trial established that the funds from the check belonged to Mr. Landry; however, the trial court found that defendants were liable to plaintiffs for the amount of federal income tax liability plaintiffs incurred on the proceeds. On February 4, 2016, the trial court rendered judgment for plaintiffs against defendants for $4,733.00, along with any penalties and interest, representing the tax liability. The trial court also awarded Mr. Duet $5,000.00 and Mrs. Duet $10,000.00 against defendants for emotional distress damages. Defendants appealed the February 4, 2016 judgment.
On May 9, 2016, this court on its own motion issued a rule to show cause as to why this appeal should not be dismissed *922 because the written reasons were not set out in an opinion separately from the judgment. See La. C.C.P. art. 1918. The record was supplemented by the trial court with a judgment signed February 4, 2016, which contained only the trial court's rulings and not the reasons for judgment. Therefore, this court dismissed the appeal on March 6, 2017 and remanded the matter to the trial court. See Duet v. Landry, 2016-0575 (La. App. 1 Cir. 3/6/17), 2017 WL 900066 (unpublished opinion).
The trial court signed an amended final judgment and amended reasons for judgment on April 5, 2017, awarding plaintiffs $5,117.98 for the amount of federal income tax liability they incurred.[1] The judgment also awarded Mr. Duet $5,000.00 for emotional distress and Mrs. Duet $10,000.00 for emotional distress. From this judgment, defendants suspensively appeal. Defendants assign as error that the trial court erred in rendering judgment awarding damages incidental to an alleged conversion when the trial court did not award damages based on the actual conversion; in denying the peremptory exception raising the objection of prescription; in failing to reduce plaintiffs' damages based on their alleged failure to mitigate their damages; and in awarding plaintiffs' damages for emotional distress. Plaintiffs have answered the appeal seeking a modification of the award of general damages.
DISCUSSION
Cause of Action
Plaintiffs base their suit against defendants on the legal theory of conversion. Conversion is an intentional tort and consists of an act in derogation of the plaintiffs' possessory rights. Kinchen v. Louie Dabdoub Sell Cars, Inc., 2005-218 (La. App. 5 Cir. 10/6/05), 912 So.2d 715, 718, writ denied, 2005-2356 (La. 3/17/06), 925 So.2d 544. The tort of conversion is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner's rights. Id. Although a party may have rightfully come into possession of another's goods, the subsequent refusal to surrender the goods to one who is entitled to them may constitute conversion. Id.
Plaintiffs argue that Mr. Landry intentionally created the retirement account in the name of Mr. Duet in order to avoid paying federal income taxes, constituting conversion or an action akin to conversion. Plaintiffs argue that the record supports the trial court's finding that Mr. Landry acknowledged his liability for the federal income taxes owed. Therefore, plaintiffs argue that the trial court correctly awarded plaintiffs the unpaid federal income taxes together with accrued penalties and interest.
After reviewing the record as a whole, we have determined that no conversion claim exists in the instant matter because Mr. Duet never had ownership interest in the funds allegedly converted by Mr. Landry. The testamentary evidence in the record indicates that plaintiffs were aware that they did not have ownership of the funds alleged to be converted by Mr. Landry. Therefore, plaintiffs do not have a conversion claim against defendants.
However, Louisiana Civil Code article 2315(A) provides "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." In this case, Mr. Landry intentionally *923 requested that Mr. Duet endorse a check in the sum of $28,095.12, made payable to Mr. Duet, so that Mr. Landry could deposit the check into his personal bank account. Mr. Landry deceptively reported the amount to the IRS as income received by Mr. Duet despite repeated assurances from Mr. Landry that he was going to take care of the amount owed to the IRS by plaintiffs. Mr. Landry failed to remedy the debt owed to the IRS resulting in plaintiffs' indebtedness to the IRS. Therefore, we affirm the trial court's award of $5,117.98 to plaintiffs, which is the amount of damage Mr. Landry inflicted upon them by his intentional act.
Furthermore, we find that plaintiffs have sufficiently alleged facts supporting a damage claim under La. C.C. art. 2315(A) resulting from the intentional deceptive actions and misrepresentations of Mr. Landry. When evaluating whether plaintiffs can recover general damages for an intentional tort, we apply the legal precepts of general tort law. See Caudle v. Betts, 512 So.2d 389, 391 (La. 1987). The courts are not bound to accept a plaintiff's characterization of the nature of his cause of action if unsupported by factual allegations. Kroger Co. v. L.G. Barcus & Sons, Inc., 44,200 (La. App. 2 Cir. 6/17/09), 13 So.3d 1232, 1235, writ denied, 2009-2002 (La. 11/20/09), 25 So.3d 800. In Louisiana, delictual actions are governed by La. C.C. art. 2315, which provides that a tortfeasor must compensate a tort victim for all of the damages occasioned by his act and put the victim in the position that he would have occupied if the tort had not been committed. See McGee v. A C And S, Inc., 2005-1036 (La. 7/10/06), 933 So.2d 770, 773 ; Roman Catholic Church of Archdiocese of New Orleans v. Louisiana Gas Service Co., 618 So.2d 874, 876 (La. 1993). Damages refers to "pecuniary compensation, recompense, or satisfaction for an injury sustained." Willis v. Noble Drilling (US), Inc., 2011-598 (La. App. 5 Cir. 11/13/12), 105 So.3d 828, 843, quoting Fogle v. Feazel, 201 La. 899, 909, 10 So.2d 695, 698 (1942). In the delictual context, La. C.C. art. 2315 authorizes compensatory damages. Id. These damages include reparation for physical suffering, inconvenience, loss of earnings and services, expenses incurred, and mental suffering. Id. at 844. Moreover, when extreme and outrageous conduct intentionally causes severe emotional distress, then liability for such distress attaches. White v. Monsanto Co., 585 So.2d 1205, 1209 (La. 1991). Much discretion is left to the judge or jury in the assessment of delictual damages. La. C.C. art. 2324.1. An appellate court may only disturb a general damages award after an articulated examination of the facts discloses an abuse of that discretion. Prejeant v. Gray Ins. Co., 2015-87 (La. App. 5 Cir. 9/23/15), 176 So.3d 704, 710.
The record reveals that plaintiffs incurred federal income tax liability as a result of the extreme and outrageously deceitful and intentional conduct of Mr. Landry. Mr. Landry intentionally created the retirement account in the name of Mr. Duet, using his social security number, in order to avoid paying income taxes on the $28,095.12 check. Mr. Landry intentionally deceived Mr. Duet when asking him to endorse the check so that Mr. Landry could deposit the check into his own personal checking account. Mr. Duet, who worked for Mr. Landry for approximately fifteen years, had no reason to suspect suspicious behavior when endorsing the check. Each time plaintiffs received a notice from the IRS stating that they owed the sum of $4,733.00, they promptly contacted Mr. Landry, and he repeatedly and deviously led them to believe they should disregard the notices. This levy not only caused significant humiliation, embarrassment, inconvenience, and stress for plaintiffs, *924 but also caused severe financial hardship for plaintiffs, caused them to borrow money from their family members to pay for personal items, and caused them to obtain legal counsel. Mr. Duet testified at trial, stating that he witnessed his wife suffer emotionally and mentally. Mr. Duet stated that he witnessed Mrs. Duet become depressed and angry with him "for something that [he] didn't even do" because she felt that he should have taken care of it. Mr. Duet further stated that the instant matter has caused marital conflict between them that still remains today. Mr. Duet testified that it made him sad to borrow money from multiple family members to pay their taxes and to pay for their daughter's senior pictures.
Under the particular circumstances in this case, we find from the evidence produced at trial, as recognized by the trial court, that both plaintiffs spent a considerable amount of time and effort in dealing with the IRS problem caused by the intentional misrepresentations made by defendants. We find that the record reveals that plaintiffs made numerous phone calls to the IRS and had numerous discussions with Mr. Landry about the debt owed. We find it appropriate to award plaintiffs compensation for their considerable emotional distress, inconvenience, and efforts made associated with the incident deliberately caused by defendants, compensating them for the time they expended on the IRS problem, as well as the loss of funds for which they were entitled to.
The role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La. 1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994) ; McCarroll v. Asplundh Tree Expert Co., 427 So.2d 881, 883 (La. App. 1 Cir. 1982), writ denied, 432 So.2d 268 (La. 1983). Upon a finding of an abuse of discretion, the appellate court must adjust an inadequate award to a minimum reasonable amount, or an excessive award to a maximum reasonable amount. See Smith v. Roussel, 2000-1028 (La. App. 1 Cir. 6/22/01), 809 So.2d 159, 168.
Accordingly, we find it appropriate to award plaintiffs compensation for their compensatory damages as well as their emotional distress associated with the intentional incident caused by defendants. Therefore, we affirm the trial court's judgment awarding the sum of 5,000.00 to Mr. Duet and $10,000.00 to Mrs. Duet[2] for their efforts they expended in dealing with the IRS, the expenses they incurred, and the loss of income they sustained by not receiving a refund from the IRS. For these reasons, we affirm the trial court's judgment.[3]
*925 Prescription
The proper characterization of the nature of plaintiffs' claim is vital in the determination of the running of prescription. This court has determined that the plaintiffs have a damage claim under La. C.C. art. 2315(A), a delictual action subject to a liberative prescription of one year. Alcorn v. City of Baton Rouge, 2002-0952 (La. App. 1 Cir. 12/30/04), 898 So.2d 385, 388, writ denied, 2005-0255 (La. 4/8/05), 899 So.2d 12. Louisiana Civil Code article 3492 provides that delictual actions are subject to a liberative prescription of one year, which commences to run from the day the injury or damage is sustained.
Defendants assign as error that the liberative prescriptive period allowed had elapsed before plaintiffs filed their petition for damages. Defendants argue that plaintiffs' claims have prescribed because the record provides that Mr. Duet endorsed the check in August of 2011, making prescription run until August of 2012. Therefore, defendants argue that plaintiffs' petition for damages filed in October of 2014 was untimely filed. Defendants further argue that the trial court erred in determining that prescription was interrupted by Mr. Landry's acknowledgment of plaintiffs' debt because once prescription has run, the doctrine of acknowledgment is inapplicable.
Plaintiffs counter argue that their petition for damages was timely filed because Mr. Landry's several acknowledgments of the debt that was owed by plaintiffs interrupted the running of prescription. Plaintiffs argue that Mr. Landry last acknowledged plaintiffs' debt in July of 2014, when he told Mr. Duet he was still looking into the matter and that the debt was paid, making their petition for damages timely.
The burden of proof is normally on the party pleading prescription; however, if on the face of the petition it appears that prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Laforte v. Gulf Island Fabrication, Inc., 2010-1605 (La. App. 1 Cir. 5/3/11), 65 So.3d 182, 185, writ denied, 2011-1484 (La. 9/30/11), 71 So.3d 296. Thus, plaintiffs had the burden of proving that their claim had not prescribed, because from the face of plaintiffs' petition it appears that prescription has run.
Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La. C.C. art. 3464. Such an acknowledgment is not subject to any particular formality. It may be written or verbal, express or tacit. Riehm v. State Farm Mutual Auto. Ins. Co., 2007-651 (La. App. 5 Cir. 1/22/08), 977 So.2d 1045, 1048, writ denied, 2008-0387 (La. 4/18/08), 978 So.2d 350. Acknowledgment involves an admission of liability, either through explicit recognition of a debt owed, or through actions of the debtor that constitute a tacit acknowledgment. Bracken v. Payne and Keller Co., Inc., 2006-0865 (La. App. 1 Cir. 9/5/07), 970 So.2d 582, 588. A tacit acknowledgment arises from a debtor's acts of reparation or indemnity, unconditional offers or payments, or actions which lead the creditor to believe that the debtor will not contest liability. Titus v. IHOP Restaurant, Inc., 2009-951 (La. 12/1/09), 25 So.3d 761, 765.
Plaintiffs rely on the trial court's amended reasons for judgment to support their claim, which stated, in pertinent part:
The Louisiana Supreme Court has repeatedly held that prescription may be interrupted by acknowledgement. In Mallet[t] v. McNeal, [2005-2289 (La. 10/17/06), 939 So.2d 1254, 1258,] the Louisiana Supreme Court stated that *926 tacit acknowledgment is defined as an act of reparation or indemnity, or actions which lull the plaintiff into believing that the defendant will not contest liability. In Crump v. Sabine River Authority, [98-2326 (La. 6/29/99), 737 So.2d 720, 729,] the issue was whether the [d]efendant's reassurances about the plaintiffs['] concerns were sufficient to constitute an acknowledgement that would suspend prescription. In Crump, a third party dug a canal on the River Authority's property, and that project caused damage to Crump's property. Crump filed the suit well after the prescriptive period ran, and argued that prescription was interrupted by [d]efendant's successive acknowledgements that the canal was illegally constructed and statements they would "see what we can do" about the [p]laintiff's concerns. The Second Circuit held that the River Authority's statements alone were not sufficient to interrupt prescription.
This Court finds that [Mr.] Landry did more than reassure [Mr.] Duet that he would look into the tax issues resulting from the [c]heck. [Mr.] Landry went a step further than the River Authority in Crump when he indicated that he had paid the taxes on the income from the [c]heck. [Mr.] Landry's statements that he paid the taxes caused the [plaintiffs] to believe that [Mr. Landry] accepted responsibility for the taxes arising from the [c]heck, and would not contest liability for them. Therefore, [Mr.] Landry's reassurances that he paid the taxes and would look into why the [plaintiffs] were receiving the IRS notices is an acknowledgment that suspended prescription, making the [plaintiffs'] October 13, 2014 suit timely. [Footnotes omitted].
After reviewing the record, including the documentary and testamentary evidence submitted by the parties, we cannot say that the trial court was manifestly erroneous in its factual determination that prescription was interrupted by Mr. Landry's continuous acknowledgment of the debt owed by plaintiffs. The record reveals that from the time plaintiffs received their first notice from the IRS in January of 2013 until the last notice they received from the LDR in July of 2014, Mr. Landry tacitly acknowledged the debt owed to the IRS by repeatedly reassuring Mr. Duet that he would look into the tax issues resulting from the notices plaintiffs were receiving from the IRS, repeatedly telling plaintiffs that it was a simple mistake, and that he had paid taxes on the income from the check. The record further reveals that the last time Mr. Landry acknowledged the debt owed was in July of 2014, making plaintiffs' claim timely. A trier of fact is free to believe in whole or part the testimony of any witness. Pennison v. Carrol, 2014-1098 (La. App. 1 Cir. 4/24/15), 167 So.3d 1065, 1076, writ denied, 2015-1214 (La. 9/25/15), 178 So.3d 568. Thus, the trial court was free to believe the testimony of plaintiffs that Mr. Landry acknowledged the debt owed. Mr. Landry's conduct compelled plaintiffs to believe that he would not dispute the debt owed, constituting a tactic acknowledgment, sufficient to interrupt the running of prescription because plaintiffs believed that Mr. Landry had accepted responsibility for the taxes arising from the check, had in fact paid the taxes, and that the IRS no longer was owed any debts. Based on its factual determination, the trial court correctly determined that prescription was interrupted by Mr. Landry's acknowledgment to plaintiffs that he paid the taxes on the check and would look into why plaintiffs were continuing to receive notices from the IRS. Defendants' second assignment of error has no merit.
Plaintiffs' Answer to Appeal
For the same reasons expressed earlier in this opinion, we find no merit in the *927 issues raised in plaintiffs' answer to appeal. See Youn, 623 So.2d at 1261.
CONCLUSION
For the reasons discussed above, we affirm the April 5, 2017 judgment of the trial court. The answer to the appeal is denied. Costs are assessed to defendants-appellants, Jerry Landry, Jr. and Simoneaux's Mobile Home Movers, LLC.
AFFIRMED; ANSWER TO APPEAL DENIED.
Penzato, J. concurs
Higginbotham, J. concurs.

The trial court amended plaintiffs' damages award to reflect that the IRS applied the plaintiffs' 2013 overpayment of $1,756.00 to their 2011 tax balance. This applied overpayment of $1,756.00 added to their existing balance owed to the IRS of $3,361.98 totals $5,117.98.

We note that it is questionable as to whether the damages in this case should only be awarded to Mr. Duet instead of both Mr. Duet and Mrs. Duet. However, this issue was not raised on appeal. This court only reviews issues raised on appeal. As a general rule, appellate courts will not consider issues raised for the first time in this court, which are not pleaded in the court below and which the court below has not addressed. See Geiger v. State ex rel. Dept. of Health & Hosp., 2001-2206 (La. 4/12/02), 815 So.2d 80, 86.

We pretermit discussion of defendants' third assignment of error, as Mr. Duet was assured numerous times by Mr. Landry that it was a mistake and that he would pay any such taxes purportedly due on that income.