STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0762

CHRISTIAN SCHOOLS, INC.
D/B/A JOHN CURTIS CHRISTIAN SCHOOL

VERSUS

LOUISIANA HIGH SCHOOL ATHLETIC ASSOCIATION,
EDDIE BONINE AND B. J. GUZZARDO, JR.

*Judgment Rendered:*    FEB 1 9 2021

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. 654874

The Honorable Donald R. Johnson, Judge Presiding

* * * * * * * *

Gilbert V. Andry, IV
New Orleans, Louisiana

Walter M. Sanchez
Lake Charles, Louisiana

Everett R. Fineran
Jessica A. Roberts
New Orleans, Louisiana

Mark D. Boyer
Diana L. Tonagel
Denham Springs, Louisiana

Counsel for Plaintiff/Appellant
Christian Schools, Inc. d/b/a
John Curtis Christian School

Counsel for Defendants/Appellees
Louisiana High School Athletic
Association, Eddie Bonine and
B. J. Guzzardo, Jr.

* * * * * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

Wolfe, J. Concurs

**THERIOT, J.**

This appeal is taken from a judgment dismissing the plaintiff's suit on peremptory exceptions of lack of subject matter jurisdiction and no cause of action. For the reasons set forth herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Christian Schools, Inc., d/b/a John Curtis Christian School ("John Curtis"), filed a suit for damages against the Louisiana High School Athletic Association, Inc. ("LHSAA"), LHSAA Executive Director Eddie Bonine, and LHSAA employee Buster John Guzzardo, Jr. (collectively "the LHSAA defendants"), on January 30, 2017. This suit arose from a determination by the LHSAA that John Curtis had violated LHSAA rules on recruiting and the resulting imposition of penalties.[1] In its petition, John Curtis alleged that the LHSAA, Bonine, and Guzzardo violated its due process and equal protection rights and caused damage to John Curtis by intentional and negligent actions and inactions, including making false statements and disclosing confidential information. In addition to monetary damages, John Curtis sought the reinstatement of its forfeited football wins and removal of the fine imposed.

The LHSAA defendants raised a peremptory exception of lack of subject matter jurisdiction in their answer to the petition, noting that under applicable jurisprudence, the trial court lacks subject matter jurisdiction over the claims asserted in John Curtis's petition, and seeking dismissal of the suit with prejudice. The LHSAA defendants also filed a peremptory exception of no cause of action with regard to John Curtis's claims for violation of its due process and equal protection rights.

---

[1] John Curtis alleged that as a result of the LHSAA's finding that it committed a recruiting violation, John Curtis was forced to forfeit twenty football wins, including the 2013 LHSAA State Championship, and a monetary fine was imposed.

2

John Curtis filed a supplemental and amending petition, in which it alleged that the trial court had subject matter jurisdiction over its tort claims because the LHSAA breached its duty to govern or administer athletic events in which its members (such as John Curtis) participate in a reasonably prudent way. John Curtis further alleged that the trial court had subject matter jurisdiction over its constitutional claims to the extent that the LHSAA's actions or inactions are in violation of constitutional or statutory provisions.

Following the filing of John Curtis's supplemental and amending petition, the LHSAA defendants reurged their exceptions of lack of subject matter jurisdiction and no cause of action and moved to have the exceptions set for hearing. A hearing was held on the exceptions, as well as a motion for partial summary judgment filed by John Curtis, on December 9, 2019. After taking the matter under advisement, the trial court rendered a judgment on January 14, 2020, noting that the "LHSAA is a private organization, not a public body, and that there is no jurisdiction to interfere with the internal proceedings of the LHSAA," and further that "John Curtis'[s] pleadings fail to set forth a due process claim under color of state action or law, or any fundamental or express constitutional right, state or federal, allegedly violated by LHSAA as the basis for a cause of action or subject matter jurisdiction upon which this Court may grant relief." The trial court sustained both exceptions and dismissed John Curtis's suit with prejudice "for lack of jurisdiction and failure to state a cause of action." John Curtis appealed.

## DISCUSSION

On appeal, John Curtis raised two assignments of error, both of which concern the trial court's conclusion that John Curtis failed to state a cause of action. In its first assignment of error, John Curtis argued that the trial court erred in sustaining the exceptions because John Curtis "state[d] a cause of action based on the arbitrary and capricious, bad faith conduct of the LHSAA that was ultra

vires under its own rules, and which fell below the standard of care for its members." In its second assignment of error, John Curtis alleged that the trial court erred in finding that it had "failed to state a cause of action against the individual defendants, Eddie [Bonine] and B.J. Guzzardo, Jr., for breach of their fiduciary duties under the Louisiana Non-Profit Act and for defamation." John Curtis failed to raise or brief any assignment of error with respect to the trial court's sustaining of the peremptory exception of lack of subject matter jurisdiction.

This court only reviews issues raised on appeal. *Duet v. Landry*, 2017-0937, p. 8 (La.App. 1 Cir. 4/30/18); 250 So.3d 918, 924, n. 2. Further, all assignments of error and issues for review must be briefed, and the appellate court may consider as abandoned any assigned error or issue for review that has not been briefed. La. U.R.C.A. 2-12.4(B)(4). Although John Curtis's reply brief contained an argument that subject matter jurisdiction existed for some of its claims, an appellant may not use a reply brief to raise new assignments of error or legal issues. See *Granier v. Navigator Specialty Ins. Co.*, 2017-1126, pp. 5-6 (La.App. 1 Cir. 4/26/18), 2018WL1980237 at *3, *writ denied*, 2018-1337 (La. 11/5/18), 255 So.3d 1047 (appellants may not raise a new assignment of error in a reply brief, and any new legal arguments raised therein are not properly before the court); see also *Fowler v. Bossano*, 2001-0357, pp. 14-15 (La.App. 3 Cir. 10/3/01), 797 So.2d 160, 169-170 (a party may not raise a wholly new argument in a reply brief, since the appellee has no unqualified right to respond and since to do so is clearly contrary to La. U.R.C.A. 2-12.6, which states that a reply brief shall be strictly confined to rebuttal of points urged in the appellee's brief). Thus, the trial court's sustaining of the exception of lack of subject matter jurisdiction is not properly before us for consideration on appeal.

4

It is well settled that courts will not decide abstract, hypothetical, or moot controversies and will not render advisory opinions with respect to controversies. *Louisiana State Board of Nursing v. Gautreaux*, 2009-1758, p. 4 (La.App. 1 Cir. 6/11/10), 39 So.3d 806, 811, *writ denied*, 2010-1957 (La. 11/5/10), 50 So.3d 806. A "justiciable controversy" is one presenting an existing actual and substantial dispute involving the legal relations of parties upon whom a judgment of the court may effectively operate through a decree of a conclusive character. *Id.* An issue is moot when a judgment or decree on that issue has been deprived of practical significance. *Id.*, 2009-1758 at p. 5, 39 So.3d at 811. A controversy must exist at every stage of a proceeding, including appellate stages. *Id.*

A judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3. In this matter, the issues raised by John Curtis on appeal regarding the trial court's sustaining of the exception of no cause of action have been deprived of any legal significance by the dismissal of the suit in its entirety for lack of subject matter jurisdiction.[2] Thus, John Curtis's failure to seek reversal of the sustaining of the exception of lack of subject matter jurisdiction has rendered its assignments of error concerning the exception of no cause of action moot. As there is no controversy for this court to address, any judicial pronouncement on the matter would be an impermissible advisory opinion. Therefore, we decline to address John Curtis's assignments of error regarding the exception of no cause of action. See *Licona v. Arostegui*, 2011-1160, pp. 9-10 (La.App. 1 Cir. 3/23/12), 2012WL992124 at *5.

---

[2] Although the exception of no cause of action was urged with regard to certain claims asserted in John Curtis's petition, the exception of lack of subject matter jurisdiction was not limited in any way. Rather, the LHSAA defendants sought dismissal of the petition *in its entirety* for lack of subject matter jurisdiction. Following John Curtis's supplemental and amended petition, the exception was reurged without limitation. Further, the trial court's judgment sustaining the exceptions and dismissing the petition did not limit the ruling on subject matter jurisdiction in any way. Thus, it must be concluded that the trial court found that it lacked subject matter jurisdiction over all claims asserted by John Curtis in this matter.

## CONCLUSION

For the reasons set forth herein, the January 14, 2020 judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Christian Schools, Inc., d/b/a John Curtis Christian School.

**AFFIRMED.**