NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 1314

LAUNA CLARKE McKEE

VERSUS

JEFFREY STEPHEN McKEE

Judgment Rendered: ___ **JUN 1 6 2021** ___

* * * * *

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 2019-13352

The Honorable Mary C. Devereux, Judge Presiding

* * * * *

Mark Alan Jolissaint          Attorney for Defendant/Appellant
Slidell, Louisiana            Jeffrey Stephen McKee


Launa Clarke McKee            In Proper Person
New Orleans, Louisiana

* * * * *

BEFORE:   McDONALD, HOLDRIDGE, AND PENZATO, JJ.

McDonald, J. Concurs.

**PENZATO, J.**

This appeal arises from a petition for protection from abuse. Defendant, Jeffrey Stephen McKee, appeals a trial court judgment maintaining a protective order and awarding plaintiff, Launa Clarke McKee, attorney's fees and court costs. For the reasons set forth herein, we dismiss the appeal as moot.

## FACTS AND PROCEDURAL HISTORY

On July 1, 2019, plaintiff filed a petition for protection from abuse. Plaintiff claimed that both she and defendant, her husband, were living at 105 Blackbeard Drive, Slidell, Louisiana (marital residence). In June 2019, plaintiff and defendant had an argument, so plaintiff claimed that she went to stay with her adult daughter for approximately seven days. When plaintiff returned to the marital residence on June 30, 2019, she believed defendant was working, but he was actually home and had family members present. Plaintiff claimed defendant shoved her out of the door causing her to fall to the ground. In her petition, plaintiff expressed fear of defendant because he was angry that she had left the marital residence. On July 1, 2019, the trial court issued a temporary restraining order pursuant to La. R.S. 46:2131, *et seq.* against defendant, which was effective until August 2, 2019, and also granted plaintiff use of the marital residence.

On July 19, 2019, a hearing officer recommended a protective order be granted for a period of nine months with an expiration date of April 19, 2020. Plaintiff was allowed temporary possession of the marital residence and had fifteen days to vacate, after which defendant was awarded possession of the marital residence. Defendant was allowed five days to file an objection to the recommendations, and he did so within the time limitation.

The trial of the objection to the protective order was originally set for August 5, 2019, but was continued on several occasions. The trial court extended the protective order numerous times with extended dates from February 12-April 2,

2

2020; March 27-May 8, 2020; and June 3-July 23, 2020. On July 23, 2020, the trial court held a trial on the objection to the protective order after which the court signed a judgment on October 7, 2020. The judgment read, in pertinent part:

> The defendant's exception to the Protective Order is hereby dismissed and the Protective Order is maintained although it has expired by its own terms;
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all restraining orders/injunctions issued in conjunction with the Protective Order and any extensions thereto are recognized as having expired on or prior to July 23, 2020, and they are not to be extended beyond that date.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the plaintiff, Launa McKee, is hereby granted One Thousand & 00/100 ($1,000) Dollars in attorney's fees and the defendant, Jeffrey McKee is ordered to pay said attorney's fees and all court costs.

It is from this judgment that defendant appeals.[1][2]

## MOOTNESS

It "is well-settled that courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies." *Cat's Meow, Inc. v. City of New Orleans Through Department of Finance*, 98-0601 (La. 10/20/98), 720 So. 2d 1186, 1193. Furthermore,

> [a]ccording to Louisiana jurisprudence, an issue is "moot" when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." A case is "moot" when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. If the case is moot, then "'there is no

---

[1] Defendant filed his motion for appeal on August 28, 2020 from the oral judgment rendered on July 23, 2020. The judgment was not signed until October 7, 2020. To the extent that a motion for appeal is premature, any defect arising from a premature motion for appeal is cured once a final judgment has been signed. *See Overmier v. Traylor*, 475 So. 2d 1094, 1094-95 (La. 1985) (per curiam); *Chauvin v. Chauvin*, 2010-1055 (La. App. 1st Cir. 10/29/10), 49 So. 3d 565, 568 n.1; *see also* La. C.C.P. arts. 1911, 1915, and 1918.

[2] Defendant raises two assignments of error on appeal. The first pertains to whether plaintiff established by a preponderance of evidence that she was the victim of domestic abuse and the second pertains to whether defendant had the legal right to use reasonable force to evict the plaintiff from the marital residence. Defendant does not raise the issues of attorney's fees or court costs on appeal. This court only reviews issues raised on appeal. *Duet v. Landry*, 2017-0937 (La. App. 1st Cir. 4/30/18), 250 So. 3d 918, 924 n.2. Further, all assignments of error and issues for review must be briefed, and the appellate court may consider as abandoned any assigned error or issue for review that has not been briefed. Uniform Rules—Courts of Appeal, Rule 2-12.4(B)(4).

subject matter on which the judgment of the court can operate.'" That is, jurisdiction, once established, may abate if the case becomes moot.

*Cat's Meow, Inc.*, 720 So. 2d at 1193 (internal citations omitted). An appellate court will not render advisory opinions from which no practical results will follow. *See Suire v. Lafayette City-Parish Consolidated Government*, 2004-1459 (La. 4/12/05), 907 So. 2d 37, 55.

The protective order in this case was originally issued on July 1, 2019. After several extensions, the final protective order was set to expire on July 23, 2020. The trial on the objection to the protective order was held on July 23, 2020, and the trial court recognized that the protective order expired that day. The judgment in this matter was signed on October 7, 2020.

Several courts have dismissed appeals of protective orders if the protective order expired before the rendering of an appellate court judgment. In *Edward v. Badie*, 2019-0332 (La. App. 4th Cir. 8/28/19), 282 So. 3d 269, 271, the court held that an appeal of a protective order that expired **after** the motion for appeal was filed, but before the case was heard, was moot and dismissed the appeal. The court in *Cory v. Cory*, 43,447 (La. App. 2nd Cir. 8/13/08), 989 So. 2d 855, 860, also declined to consider the propriety of the trial court's action in issuing an order of protection that had expired by its own terms, approximately two months prior to the opinion of the appellate court.[3] In *Dugas v. Darby*, 2015-1194 (La. App. 3rd Cir. 4/6/16), 2016 WL 1367009, at *1-2 (unpublished), the court followed the reasoning of *Cory* in dismissing an appeal of the trial court's protective order as moot when the protective

---

[3] In *Cory*, the court did address other issues on appeal; however, the present appeal does not present any other issues. Although defendant has assigned as error that the trial court did not recognize that the plaintiff had committed a trespass, this issue was not raised at the trial court level. Defendant made no trespass claim in any pleading, did not raise it in his objection to the hearing officer's recommendations, and the trial court did not address a trespass claim. As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. *Burniac v. Costner*, 2018-1709 (La. App. 1st Cir. 5/31/19), 277 So. 3d 1204, 1210. Furthermore, even if this court were to find that a trespass occurred and that defendant was reasonable in using force, the protective order has expired and no controversy exists.

4

order was to expire approximately three weeks prior to the appellate court's opinion. The court stated, "[a]s a matter of judicial economy, an appellate court has the right 'to consider the possibility of mootness on its own motion and to dismiss the appeal if the matter has in fact become moot.'" *Dugas*, 2016 WL 1367009, at *1 (*quoting Cory*, 989 So. 2d at 859-60). Jurisdiction, once established, may abate if the case becomes moot. The controversy must normally exist at every stage of the proceeding, including the appellate stages. *Tobin v. Jindal*, 2011-0838 (La. App. 1st Cir. 2/10/12), 91 So. 3d 317, 321.

In the instant case, a judgment or decree by this court can serve no useful purpose and give no practical relief or effect. Therefore, we find that the matter has been rendered moot by the expiration of the protective order. Accordingly, the appeal is dismissed as moot. We issue this memorandum opinion pursuant to Uniform Rules—Courts of Appeal, Rule 2-16.1(B). All costs of this appeal are assessed to the defendant, Jeffrey Stephen McKee.

**APPEAL DISMISSED AS MOOT.**

5